UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**J. MARK COULSON**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>Phone: (410) 962-4953 \| Fax: (410) 962-4953 |

August 30, 2022

LETTER ORDER AND OPINION

Re:   *Cooper v. Mr. Timmins et al*
      Civil No.: 1:22-cv-00857-JMC

Plaintiff and Counsel:

The Court has considered Plaintiff's Motion for Amendment to Add Defendants (ECF No. 29) and Defendants' Opposition to Motion for Leave to Amend (ECF No. 31). In considering this Motion, the Court has construed it as one to amend the Complaint in light of Plaintiff's previous supplementation submitted in April 2022 (ECF No. 4). The Court has determined that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons provided below, the Court shall GRANT Plaintiff's Motion provided that Plaintiff properly files an amended Complaint including the names of the two additional defendants by September 6, 2022. Plaintiff shall underline the names of the two additional defendants. *See* Loc. R. 103.6(c). Furthermore, the Court will extend Defendants' deadline for filing their motion to dismiss until the earlier of 14 days after September 6, 2022, or 14 days after Plaintiff has properly filed her amended Complaint prior to September 6, 2022. *See* Loc. R. 103.6(a) (D. Md. 2021); Fed. R. Civ. P. 26(b)(1)(A).

A party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). When the time to amend as a matter of right expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed R. Civ. P. 15(a)(2). Courts should "freely give leave [to amend] when justice so requires." *Id.* "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

Defendants named in the original Complaint were served on June 24, 2022. (ECF No. 6). As indicated in Defendants' Opposition, Defendants have yet to file a motion under Rule 12(b). (ECF No. 31). Therefore, Plaintiff is unable to amend as of right. However, Defendants have not identified in their Opposition any prejudice in granting Plaintiff's Motion. *See Matrix Capital*, 576 F.3d at 193. There is no indication that Plaintiff is requesting to amend in bad faith. *Id.* In fact, the record shows that Plaintiff made a good-faith attempt to amend her Complaint fourteen days after first filing it. (ECF No. 4). Furthermore, although Defendants have briefly stated their expected grounds for their forthcoming motion to dismiss, the Court is not prepared to determine that Plaintiff's amendment will be futile. (ECF No. 4). Since the Court will not consider the futility of Plaintiff's amendment at this time absent a pending motion to dismiss, the Court wishes to make

clear to Defendants that they are free to further argue these grounds in their forthcoming motion to dismiss.

The Court recognizes that Plaintiff has not complied with Local Rule 103.6 in her efforts to amend the Complaint. "Failure to comply strictly with the dictates of Local Rule 103.6 by itself is not fatal to Plaintiff's motion for leave to amend, especially in light of [her] pro se status." *Jassie v. Mariner*, 2016 WL 3218725 at *3 (D. Md. June 10, 2016). The Court retains discretion to consider a motion for leave to amend even if made improperly . . . ." *Id.* at *3. Although Plaintiff has failed to comply with the Court's Local Rules, the Court has excused these errors considering Plaintiff's pro se status and the lack of prejudice caused to Defendants. *See id.* Considering the nature of Plaintiff's pro se Complaint and the handwritten portions of it, this Court is ordering that Plaintiff's amended Complaint filed on or before September 6, 2022, include the underlined names of the two additional defendants indicated in (ECF No. 4). The Court now reminds Plaintiff of their responsibility to comply with all Local Rules moving forward.

Despite the informal nature of this letter, it is an Order of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge