IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LYNETTE COOPER,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:22-cv-00857-JMC |
| **MR. TIMMINS, et al,** | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Lynette Cooper filed this retaliation case under the Fair Housing Act ("FHA") on April 8, 2022 (ECF No. 1), and the Court granted Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) on April 15, 2022. (ECF No. 3). Plaintiff's action was brought against ten Housing Authority of Baltimore City ("HABC") employees in their individual capacities. On October 2, 2022, eight of the ten Defendants filed a Motion to Dismiss or in the Alternative Motion for Judgment (ECF No. 47), and on November 14, 2022, Plaintiff filed a Motion to Amendment (ECF No. 62). On December 29, 2022, the Court issued a Memorandum Opinion and accompanying Order (ECF Nos. 69 & 70) granting Defendants' Motion to Dismiss and denying Plaintiff's Motion to Amendment.[1] Presently before the Court is Plaintiff's Motion to Reopen Case and for Appointment of Counsel (ECF No. 71). The Court will treat Plaintiff's Motion as a motion for reconsideration and to appoint counsel. Defendants have not filed an

---

[1] The Court treated Defendants' Motion to Dismiss or in the Alternative Motion for Judgment as a motion to dismiss. *See* (ECF No. 69 at p. 7). Furthermore, because the arguments of the eight motioning Defendants applied with equal force to the two non-served/non-motioning Defendants, the Court's Order dismissed the case as to all Defendants.

opposition. No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Plaintiff's Motion is DENIED.

I. PLAINTIFF'S MOTION FOR RECONSIDERATION

"The Federal Rules of Civil Procedure include three Rules that permit a party to move for reconsideration." *O'Reilly v. Tsottles,* No. GLR-18-3622, 2021 WL 424415, at *2 (D. Md. Feb. 8, 2021). Rules 59(e) and 60(b)—the two rules relevant here—"govern motions to reconsider final judgments."[2] *Id.* "Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment." *Id.* (citing *Bolden v. McCabe, Weisberg & Conway, LLC,* No. DKC-13-1265, 2014 WL 994066, at *1, n. 1 (D. Md. Mar. 13, 2014)). "Rule 59(e) authorizes a district court to alter or amend a prior final judgment." *O'Reilly,* 2021 WL 424415, at *2 (other citation omitted). "A federal district judge's power to grant a Rule 59(e) motion is discretionary." *Id.* (other citation omitted). Generally, granting a motion for reconsideration "is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). "[A] motion for reconsideration is not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *O'Reilly,* 2021 WL 424415, at *3 (other citations and internal quotations omitted).

Plaintiff filed her Motion approximately one hour after the Court issued its December 29, 2022 Memorandum Opinion and accompanying Order. Therefore, Rule 59(e) is applicable to the pending Motion. "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

---

[2] Rule 54(b) "governs motions to reconsider interlocutory orders." *Id.*

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *U.S. ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210–11 (4th Cir. 2017) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)).  Regarding the third factor, the moving party must provide more than simply a "mere disagreement" with the Court's decision. *Hutchison v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  "A 'factually supported and legally justified' decision does not constitute clear error." *Jarvis v. Berryhill*, No. TMD-15-2226, 2017 WL 467736, at *1 (D. Md. Feb. 3, 2017) (quoting *Hutchison*, 994 F.2d at 1081–82).  Regarding the "manifest injustice" portion of the third factor, courts focus on "whether there was fairness in the administrative process or denial of due process." *O'Reilly*, 2021 WL 424415, at *3 (other citations omitted).

In her Motion, Plaintiff proclaims her disturbance with the Court's decision to dismiss her case. (ECF No. 71 at p. 1).  Additionally, Plaintiff reasserts her previous allegations of technological difficulties resulting from an email sent by Defendant Tiffany White. *Id.*  Plaintiff fails to direct this Court to a change in intervening law and fails to allege any issues regarding new evidence.  Furthermore, Plaintiff does not assert that the Court made a clear error of law or that reconsideration is necessary to prevent manifest injustice.  Plaintiff has failed to recognize, let alone adhere to, the standard appliable to her pending Motion.  Plaintiff's remedy at this point is to appeal the Court's ruling to the Fourth Circuit Court of Appeals.

Accordingly, Plaintiff's Motion for Reconsideration is hereby DENIED.

II.     **PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

"Under 28 U.S.C. § 1915(e)(1) (2012), a district court may appoint an attorney to represent any litigant unable to afford counsel." *Shell v. Virginia*, No. GLR-15-3356, 2016 WL 337518, at *2 (D. Md. Jan. 28, 2016).  "In civil cases, however, the appointment of counsel is allowed only where exceptional circumstances are presented." *Id.* (other citations omitted).

Plaintiff's present Motion signifies Plaintiff's third formal request for court-appointed counsel. *See* (ECF Nos. 50, 58, 71). In her requests, Plaintiff has claimed an inability to focus or think quickly, and she has asserted her technological struggles. However, Plaintiff—proceedings *pro se*—filed her case on April 8, 2022. (ECF No. 1). Plaintiff's difficulty in thinking, and her inability to quickly comprehend the Court's filings or the filings or her opposition, do not amount to exceptional circumstances warranting court-appointed counsel. And, as noted above, Plaintiff filed the present motion approximately one hour after the Court issued its opinion, somewhat undermining her assertion. Nor does Plaintiff's technological hurdles amount to such exceptional circumstances.

Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED.

### III. PLAINTIFF'S RIGHT TO APPEAL

The Court recognizes that Plaintiff's right to appeal within thirty (30) days of the Court's December 29, 2022 Order (ECF No. 70) was tolled by Plaintiff's timely filing of the present Motion under Federal Rule of Civil Procedure 59(e). If a party timely files a motion to alter or amend the judgment under Rule 59—which the Court considers to be equivalent to a motion for reconsideration—then "the time to file an appeal runs for all parties from the entry of the order disposing . . ." of that motion. Fed. R. App. P. 4(a)(4); *see Chalmers v. Winston*, 5 Fed. Appx. 214, 215 (4th Cir. 2001) ("Because [the plaintiff] did not [timely] file his Rule 59(e) motion[for reconsideration,] . . . the time period for filing his appeal of that order was *not* tolled." (emphasis added)).[3]

---

[3] *Chalmers*, an opinion from 2001, applied a prior version of Federal Rule of Civil Procedure 59(e) which provided that motions to alter or amend must be filed within ten days of the relevant order. Rule 59(e) now provides a deadline of twenty-eight days to file such a motion.

Accordingly, because Plaintiff timely filed the pending Motion, Plaintiff's deadline for appealing the Court's December 29, 2022 Order dismissing her case is tolled until the filing of this Opinion.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and Appointment of Counsel (ECF No. 71) is DENIED.  A separate order follows.

Date: <u>January 23 , 2023</u>　　　　　　　　　　　　<u>         /s/              </u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　J. Mark Coulson
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge